court acted. In the absence of such showing it will be presumed that the court's order was supported by the evidence.

3. APPEAL AND ERROR, § 936*—*when record does not show error of court in refusing to amend bill of exceptions.* Refusal of trial court to enter a *nunc pro tunc* order for the amendment of a bill of exceptions by having certain affidavits made on behalf of plaintiffs in error in support of their motion for a new trial made a part thereof, *held* not error where there were no minutes of the trial judge introduced in evidence and incorporated in the record and no proper evidence in the record that the affidavits were ever read to the court or presented to him for consideration on the motion for a new trial or otherwise, although there was a recital in the record "that it appeared to the court from an examination of his minutes" that the said affidavits were read to the court during the argument of the motion for a new trial, but such recitals being insufficient as not being a recital of the evidentiary facts.

---

## Portage Rubber Company, Defendant in Error, v. Fruin Drop Forge Company, Plaintiff in Error.

### Gen. No. 18,722. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNPAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed April 1, 1914.

### Statement of the Case.

Action by Portage Rubber Company against Fruin Drop Forge Company to recover the price of 3,792 hoof pads manufactured for the defendant by the plaintiff. The case was tried without a jury and judgment was entered in favor of plaintiff for $388.05 and costs. To reverse the judgment, defendant brings error.

Plaintiff in error asks a reversal of the judgment upon three grounds: (1) That there was no contract

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

between the parties for the manufacture of the goods; (2) that there was no delivery of the goods sued for; (3) that there was no agreement as to the price of the goods, and no proof in the record as to their value.

HARRIS F. WILLIAMS, for plaintiff in error.

HARPER E. OSBORN, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 44*—*what constitutes unconditional acceptance of offer.* When an offer is accepted as made, the acceptance is not conditional and does not vary from the offer because followed by inquiries whether the offerer will change his terms, or as to future acts, or because accompanied with expressions of hope or suggestions or requests, etc.

2. SALES, § 56*—*when answer to letter constitutes unconditional acceptance of offer.* Where a company wrote another company ordering a certain number of hoof pads to be shipped on or after a certain date and stated in the letter, "If you will you may keep in stock over and above each order sent about 2,000 pieces each of" certain sizes, and the latter company in answer wrote a letter acknowledging the order and stating, "we also note that you would like for us to keep in stock * * * about 2,000 pieces each of above sizes. We will be glad to do this, but we would like for you to send us your regular order for same and mark the order 'to be shipped when instructed to do so.' You do not say how you want the fabric * * * but we are proceeding with the order taking it for granted that you want two plies of Duck clear across the heel," *held* that the answer constituted an unconditional acceptance of the request to keep in stock 2,000 pieces each of the sizes requested.

3. SALES, § 329*—*sufficiency of the evidence.* In an action for the price of hoof pads manufactured by the plaintiff for the defendant, evidence *held* sufficient to show a contract between the parties, that a contract price was agreed upon, that the goods were held by the plaintiff as the property of defendant and that plaintiff was entitled to recover the price.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.